UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BYRON POPE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-267 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| 4 DRY OUT, INC., | : | |
| | : | |
| Defendant. | : | |

___

**ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, THE MOTION OF DEFENDANT 4 DRY OUT, INC. FOR SUMMARY JUDGMENT (DOC. NO. 12)**
___

This case involves multiple claims alleging racial harassment and hostile work environment brought by Plaintiff Byron Pope ("Pope"). Pending before the Court is a Motion for Summary Judgment (Doc. No. 12) (the "Motion"), filed by Defendant 4 Dry Out, Inc. ("4 Dry Out"). Pope filed a response in opposition to the Motion (the "Opposition"), and 4 Dry Out filed a reply in support of the Motion (the "Reply"). (Doc. No. 15; Doc. No. 17.) The Motion is fully briefed and ripe for decision.

In the Motion, 4 Dry Out moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), asserting that "there are no genuine issues of material fact and 4 Dry Out is entitled to judgment as a matter of law." (Doc. No. 12.) In response, Pope first asserts that the Motion is premature and that he needs additional information through discovery in order to properly oppose the Motion. (Doc. No. 15.) Pope also argues that, even with a limited record, there are many genuine issues of material fact and 4 Dry Out has not met its burden to be awarded summary judgment. (*Id.*)

The Court finds that the Motion is premature and Pope should be allowed additional time

1

to take discovery before needing to respond to 4 Dry Out's arguments.  Without limiting the parties' scope of available discovery, the Court anticipates that such discovery would include the opportunity for Pope to issue (and receive responses to) interrogatories and requests for the production of documents, as well as taking depositions of Brian Brashear ("Brashear") and Brad Parker ("Parker").  Therefore, the Court **DENIES** the Motion without prejudice to 4 Dry Out renewing its arguments and moving for summary judgment (or other appropriate motion) in the future.

I. **BACKGROUND** [1]

The Court provides an abbreviated background for purposes of this order.  Pope sought employment from 4 Dry Out after seeing a job posting. (Doc. No. 15-1 at PageID 71.)  He contacted the company's owner (Brashear), who asked Pope to come in for an interview. (*Id.*)  Parker interviewed Pope. (*Id.*)  After the interview, Parker told Pope to work a shift at one of 4 Dry Out's customers. (*Id.*)  Parker also conducted Pope's orientation, including providing Pope with training for the job and paperwork for new employees. (*Id.*)  Brashear instructed Pope to contact Parker if he (Pope) would be unavailable to work. (*Id.* at PageID 72.)

Pope performed services for 4 Dry Out on three separate days for approximately eight hours each time. (Doc. No. 15-1 at PageID 71.)  He worked with Parker and Brashear on those occasions. (*Id.*)  Days later, Pope asked Parker, by text message, when he (Pope) would receive his paycheck. (*Id.* at PageID 72.)  The next day, Parker made the following statements to Pope by text message:

- "I am the boss …"

---

[1] For purposes of resolving the Motion, the recitation in the "Background" section includes undisputed facts and otherwise assumes the evidence of the nonmoving party as true and draws all reasonable inferences in the nonmoving party's favor, as is appropriate at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Tolan v. Cotton*, 572 U.S. 650, 660 (2014).

- "I don't know how you guys doing the jungle with your Congo beat no lady or your f****** fat ass silverback mother but I don't give a fuk holler at me"

- "[C]ome get your check and bring your money I'll piss test you and I watch your little Toosie roll packer pissing this cup be here in 20 minutes"

- " … you can take me to the Niger cdb f****** whatever but I'm a white boy and I don't give a fuk wall contractors here deal like the way I run s*** take your nappy ass head somewhere else"

- "This is why I don't hire n****** you should be looting and robbing something right now"

(*Id.* at PageID 72, 74-80.)

Brashear subsequently reached out to Pope, who informed Brashear of Parker's remarks and sent Brashear the text messages from Parker. (Doc. No. 15-1 at PageID 72.) Brashear apologized, advised Pope that he had known Parker for many years and that Parker can "get like that," suggested that Parker could possibly get physically violent with Pope, stated that Parker was very angry because his house had recently been broken into by a black individual, stated that Parker knows how to fight and had previously busted someone's head open, and he (Brashear) would pay Pope electronically so that Pope would not have to retrieve his paycheck from Parker. (*Id.*)

The Motion's statement of relevant facts relies solely on an affidavit from Brashear. (Doc. No. 12 at PageID 34-35.) In the Response, Pope asserts—without contradiction in the Reply—that the parties have not conducted any discovery apart from a "handful" of requests for admission issued by 4 Dry Out and responded to by Pope. (Doc. No. 15 at PageID 58.) 4 Dry Out filed the Motion early in this case, prior to the filing of either the parties' Rule 26(f) Report or the Court's Preliminary Pretrial Conference Order (establishing the case schedule).

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on

3

which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, affidavits or sworn declarations, and admissions on file that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(a), (c). The burden then shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. *Id.* at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could

4

reasonably find for the plaintiff." *Id*. The inquiry, then, is "whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

### III. ANALYSIS

The Court initially addresses Pope's argument that the Motion is premature because he needs to obtain information from 4 Dry Out through discovery in order to oppose the Motion. (*See* Doc. No. 15 at PageID 58, 63, 66.) "The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Moore v. Shelby Cnty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)); *Silverman v. I.C. Sys.*, No. 2:18-CV-1281, 2019 U.S. Dist. LEXIS 75166, at *6 (S.D. Ohio May 3, 2019). The Sixth Circuit Court of Appeals has held that a "grant of summary judgment, 'absent any opportunity for discovery,'" constitutes an abuse of discretion by the court. *Moore*, 718 F. App'x at 319, 322 (quoting *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994)) (remanding to establish a discovery schedule and allow the nonmovant a "reasonable opportunity to conduct discovery").

"The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Nonmovants may satisfy this burden by filing an affidavit or declaration that states with "some precision the materials [they] hope[] to obtain with further discovery, and exactly how [they] expect[] those materials would help [them] in opposing summary judgment." *Summers*, 368 F.3d at 887 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138 (Fed. Cir. 1996)). Yet, "a formal affidavit may not be required when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment." *Moore*, 718 F. App'x at 319 (quoting *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (emphasis added)); *see also Ethridge v. Salter Labs, Inc.*, No. 3:20-CV-00724-RGJ-CHL, 2021

U.S. Dist. LEXIS 184275, at *9 (W.D. Ky. Sept. 27, 2021) (denying defendant's motion for summary judgment, without prejudice, where plaintiff "complied with the procedural requirements of [Rule] 56(d)" by demonstrating his need for discovery with sufficient "particularity"). Thus, where a party specifically indicates in its opposition to the motion for summary judgment that it had "an inadequate opportunity for discovery," it would "unduly exalt form over substance" to require the party to file a "redundant" Rule 56(d) affidavit. *Moore*, 718 F. App'x at 319.

The Court finds 4 Dry Out's Motion is premature. Pope has not been afforded a sufficient opportunity for discovery. In the Opposition, Pope sufficiently informed the Court of his need for more discovery regarding relevant topics (including independent contractor analysis and supervisor analysis) and explains how that information is "within the Defendant's possession." (Doc. No. 15-1 at PageID 58, 63, 66.) The Opposition, and a review of Pope's supporting sworn declaration, adequately demonstrate why such discovery is necessary for opposing summary judgment. Given the particular circumstances of the present case, permitting Pope to conduct discovery before addressing 4 Dry Out's request for summary judgment ultimately upholds the "concepts of fundamental fairness" and the benefits conferred by Rule 56. *Moore*, 718 F. App'x at 319; *Silverman*, 2019 U.S. Dist. LEXIS 75166, at *7–8.

Finally, 4 Dry Out asserts in the Reply that the circumstances presented cannot rise to a viable claim, so allowing discovery would be meaningless. The Court finds that it is premature at this time to make a final determination regarding whether Pope has a viable claim. *See Ault v. Oberlin Coll.*, 620 F. App'x 395, 402 (6th Cir. 2015) ("we have previously held that a single act may give rise to a hostile work environment"). Even at this early stage in the case, there is evidence to support that (at the least) this case involves the plaintiff being the target of his supervisor's multiple graphic racial slurs, overt intimidation, offensive language of a sexual nature, and racial

stereotyping, as well as the defendant's awareness (based on earlier incidents) of the potential for plaintiff's supervisor to physically attack plaintiff because of his race. However, this finding does <u>not</u> mean that any of Pope's claims would necessarily survive a future motion for summary judgment or other attack.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the Motion of Defendant 4 Dry Out, Inc. for Summary Judgment (Doc. No. 12), without prejudice to 4 Dry Out renewing its arguments and moving for summary judgment (or other appropriate motion) in the future. The Court allows the parties time to take discovery. This case shall continue in accordance with the Preliminary Pretrial Conference Order (Doc. No. 16).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 23, 2023.[2]

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges the valuable contribution and assistance of judicial extern Brooke Hewlett in drafting this order.